THE HONORABLE JOHN C. COUGHENOUR

____ FILED
____ LODGED
____ RECEIVED

MAIL

AUG 28 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| JAMES S. GORDON, JR., a married individual,  Plaintiff, | Case No.: CV 06-1129 JCC |
| vs. | PLAINTIFF'S MOTION FOR RECUSAL OF THE HONORABLE JOHN C. COUGHENOUR |
| SMARTBARGAINS.COM, LP, a Delaware Limited Partnership; Defendant | |
| | JURY TRIAL REQUESTED |

TO: CLERK OF COURT
AND TO: COUNSEL FOR DEFENDANTS

06-CV-01129-STIP

MTN4 RECUSAL - 1

## INTRODUCTION

I have a deep and abiding respect for our court system – despite its well-documented flaws. A primary reason for this respect is that, in a large measure, it is self-correcting when an injustice happens. In the matter of Gordon v. Virtumundo, there was a confluence of negligence on the part of plaintiff's counsel, misrepresentations and mischaracterizations of testimony by defendants' counsel, and an ignored written record in terms of the 8,000 emails in evidence. The emails and declarations of plaintiff supported his claims for relief.

## RATIONALE FOR RECUSAL – Point 1

In a perfect world or in a Hollywood movie, this court would be the perfect choice to ensure that justice is served. However, neither scenario is in place in this case. Instead, plaintiff is requesting that the Honorable John C. Coughenour recuse himself from this case along with all other cases wherein he presides as judge over a James S. Gordon, Jr. lawsuit versus a spam defendant, i.e. BMG Columbia House, Inc. and Inviva, Inc. [and perhaps Insurance Only, Inc.]

The appearance of a hostile bias towards plaintiff, is illustrated by the following statements by this court.

1. Gordon v. Virtumundo Orders dated 5/15/07 and 8/1/07 – Case # CV06-0204JCC:

    a. Plaintiffs are not the type of entity that Congress intended to possess the limited private right of action it conferred on adversely affected bona fide Internet access service providers.

    b. Not only are Plaintiffs not the type of entity that Congress intended to possess the limited private right of action it conferred on adversely affected bona fide Internet access service providers" (*id.* at 15), they are not the type of plaintiff that should be allowed to pursue the strategy outlined above without financial cost.

MTN4 RECUSAL - 2

    c. The Court finds that Plaintiffs' instant lawsuit is an excellent example of the ill-motivated, unreasonable, and frivolous type of lawsuit that justifies an award of attorneys' fees to Defendants under *Fogerty*.

    d. Plaintiffs should be deterred from further litigating their numerous other CAN-SPAM lawsuits now that they are aware their lack of CAN-SPAM standing.

These statements individually and collectively indicate a clear bias towards plaintiff. Statement "D" indicates a predilection or predisposition to stop any forward movement of the legitimate interests and claims of plaintiff, which the court referred to as "ill-motivated, unreasonable, and frivolous". It is indisputable that the court has set itself in a posture that is not open-minded regarding evidence that plaintiff's attorneys failed to present and defendants' attorneys clearly misrepresented to the court.

## RATIONALE FOR RECUSAL – Point 2

This court "hired" a staff member, Ms. Kelly C. Aldrich, who has the following bio on the law firm, Newman Dichter's web site:

> Prior to joining *Newman Dichter LLP*, Kelly was an associate attorney at Graham & Dunn P.C. and a law librarian at the University of Washington School of Law. While in law school, Kelly was a teaching fellow in the first year legal research and writing program, a constitutional law teaching and research assistant, and a judicial extern for ***U.S. District Court Judge John C. Coughenour of the Western District of Washington***. [emphasis added]

Documented facts include that 1) Ms. Aldrich worked for this court and Ms. Aldrich now works for defendants' attorney, Newman Dichter [formerly Newman and Newman] 2) Newman Dichter obtained a victory in the matter of Gordon v. Virtumundo 3) Prior to the May 15, 2007 Virtumundo decision, this court received several other Gordon lawsuits versus various spam defendants 4) Prior to or concurrently therewith, Newman Dichter became the beneficiary of a windfall of about a half dozen spam litigation lawsuits 5) After the withdrawal of plaintiff's

attorneys, this court failed to communicate to plaintiff about any decision it had made – including a dismissal of the Impulse Marketing Group, Inc. lawsuit in the fall of 2007 [until plaintiff filed a motion to change venue]. As a result of this failure on the part of the staff of this court to inform plaintiff – plaintiff lost the right to appeal that order – plaintiff informed the chief judge of the this "black out" of communications **EXHIBIT A**  6) This court made comments in its decision indicating that is was uninformed of the testimony [and documents] of plaintiff regarding the harm he endured, the actual business he was in and more.

### RATIONALE FOR RECUSAL – Point 3

Criminal spam gangs have a free pass to continue spamming, unimpeded, in much of the country. Virtumundo is one of those spam gangs – its clients include some of the defendants before this court – its counsel is the same as some of those defendants. **EXHIBIT B**

Subsequent to the "victory" by Virtumundo in 2007, it seized plaintiff's property in satisfaction of the judgment that it was granted. The property seized included plaintiff's business computers and back up hard drive that contained the stored communications of plaintiff's clients. 18 U.S. 121, 2701 et seq prohibits the taking of the stored communications of a business' clients without a warrant and only within the context of a criminal proceeding. Virtumundo represented to the court that the computers contained personal communications of plaintiff. The writ's caption said ... Gordon d/b/a gordonworks.com... Omni Innovations, LLC – thus their argument is pure sophistry. And, in late spring 2008, Virtumundo destroyed the hard drives which it knew contained evidence in seven or eight on-going lawsuits – both federal and state. **EXHIBIT C**

MTN4 RECUSAL - 4

If one assumes that plaintiff is using hyperbole in referring to Virtumundo as a criminal spam gang, their recent behavior lends credence to that hyperbole. What makes this matter more egregious is that plaintiff placed a preservation of evidence document on the record in the second Virtumundo lawsuit – filed February 2008 [at least two months prior to the destruction of the computer hard drives] in Franklin County, which they ignored claiming the judge ordered or okayed their destruction of evidence. **EXHIBIT D**

Virtumundo had misled this court into an unfortunate decision – Virtumundo's counsel presented a motion for fees for about $540,000, this court reduced it to about $112,000 – Virtumundo seized stored communications of plaintiff, illegally - Virtumundo's counsel destroyed evidence in multiple on-going federal and state lawsuits.

Despite the foregoing, plaintiff is lambasted with half-truths and assumptions based on misrepresentations by a law firm and spam defendant which will continue to break laws – unimpeded. To move plaintiff's cases to another judge in the Western District is not sufficient to defeat this bias or prejudice against plaintiff. Plaintiff's remaining cases should be removed to the Eastern District of Washington courts. It is conceivable – maybe likely - that this document could spark [more] resentment of plaintiff among other staff members in the Western District.

**PRAYER FOR RELIEF**

1. The Honorable Judge John C. Coughenour is to recuse himself from all of plaintiff's cases.
2. Plaintiff's cases should then be re-assigned to the Eastern District of Washington.
3. The stay should be lifted on plaintiff's cases.
4. A formal investigation of the possible federal crimes of defendant, Virtumundo, and its counsel should be undertaken.

MTN4 RECUSAL - 5

I declare under penalty of perjury under the laws of the United States that the foregoing information and the attached exhibits are true and correct based on plaintiff's knowledge and belief.

Dated this 27th day of August, 2009

*/s/ James S. Gordon, Jr.*
James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

## CERTIFICATE OF SERVICE

I, hereby, certify that on August 27, 2009, I mailed this motion for recusal to this court and mailed a copy to counsel of record for Defendant.

*/s/ James S. Gordon, Jr.*
James S. Gordon, Jr.

MTN4 RECUSAL - 6