EXHIBIT A

*James S. Gordon, Jr.*
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

February 25, 2008

The Honorable Robert S. Lasnik, Chief Judge
Western Washington District Court
700 Stewart Street
Seattle, WA 98101-1271

Dear Judge Lasnik:

I am writing to you as I did not find a federal or appellate rule to describe or address the predicament that I find myself in. I wish to avoid filing a complaint, if that is possible. However, I seek relief via any extant process or rule that I may have overlooked or am unaware of.

Briefly, I am best described as a professional plaintiff who has filed 20 or so lawsuits since December 2003 against parties that send illegal commercial emails to the public. In August 2007, I filed a complaint with the state bar (along with a police report against my former attorney). He, subsequently, withdrew from my cases (approximately 12-13 at that time).

The Honorable John Coughenour presided over about eight of these cases. After approving my attorney's withdrawal, the court failed to communicate with me regarding the disposition of my remaining cases (even though I was pro se from the moment of the order granting my attorney's dismissal). I was not even notified that the dismissals were granted. If not for my motion for a change of venue, I may never have received communications from the court. By the way, these cases were all on stay according to the final communication from my former attorney – pending a decision by the 9th Circuit.

The problem with the scenario, above, is that cases were dismissed (with prejudice) without sending me the order(s). As a result, I was not able to file timely appeals in those cases. One or more of these cases (perhaps) could have been combined with my current appeal to the 9th Circuit.

I trust that there is a suitable alternative to the complaint process as I still have cases in Judge Coughenour's court. And, I do not believe he is responsible for these "snafus".

Sincerely,



06-CV-01129-VRDCT

Litigation of James S. Gordon, Jr.,
Pro Se Plaintiff

EXHIBIT B

| Current Defendant | Client of Newman Dichter[1] | Client of Virtumundo et al[2] | Client of Scott Richter[3] |
|---|---|---|---|
| BMG/Columbia House | X [former client] | X | X |
| Commonwealth Mktg/ Impulse Mktg Group | — | X | X |
| First Premier Bank | X | X | — |
| Inviva, Inc. | X | X | X |
| Smartbargains, LLC | X | X | X |
| SubscriberBASE, Inc. | X | — | X |
| Virtumundo et al (2008) | X | — | — |

LEGEND:

[1] Seattle Law firm of Newman Dichter, LLP
[2] Virtumundo, Inc. and Adknowledge, Inc. are major spammers
[3] AKA "spam King" successfully sued by Microsoft, MySpace, and Eliot Spitzer, Esq. (NY)

The Honorable Cameron Mitchell

# EXHIBIT C

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF FRANKLIN**

| | |
|---|---|
| JAMES S. GORDON, JR., BONNIE F. GORDON, AND JONATHAN K. GORDON, individuals residing in Franklin County, Washington;<br><br>Plaintiff,<br><br>v.<br><br>VIRTUMUNDO, INC., ADKNOWLEDGE, INC., SCOTT LYNN, an individual, and John Does 1-10,<br><br>Defendants | No. 08-2-50143-7<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' PRODUCTION OF EMAIL ARCHIVES OR IN THE ALTERNATIVE TO PRODUCE COPIES OF ALL HARD DRIVES FORMERLY OWNED BY PLAINTIFF |

## I. Introduction

Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn hold a judgment against Plaintiff James S. Gordon, Jr. for over $100,000. Defendants executed on that judgment. In February 2008 the Franklin County Sheriff seized computers belonging to Gordon and sold them at a public auction. Defendant Virtumundo, Inc. was the highest bidder. Gordon moved this court for the return of the computers on the grounds that hard drives in the computers contained personal information. This Court denied that motion and instead ordered the destruction of the hard drives. Virtumundo complied with that order and the hard drives have been destroyed. **Destruction admission**

Additionally, Gordon's Motion is improper procedurally and wastes this Court's and Defendants valuable time and resources. Gordon has not served Defendants with interrogatories, requests for production, or any other discovery request to which a response could be compelled. Defendants respectfully request this Court sanction

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.' PRODUCTION OF EMAIL ARCHIVES - 1

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Gordon for his improper Motion and award them their fees and costs incurred in opposing it.

## II.   Facts

Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn hold a judgment against Plaintiff James S. Gordon, Jr. for over $100,000. *See* Gordon v. Virtumundo, Inc., 2007 U.S. Dist. LEXIS 55941 (W.D. Wash. Aug. 1, 2007). Defendants executed on that judgment. (Declaration of Derek Linke in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Linke Decl.") at ¶ 2, Ex. A.) In February 2008, the Franklin County Sheriff seized computers belonging to Gordon and sold them at a public auction. (Id.) Defendant Virtumundo, Inc. was the highest bidder. (Id.)

Gordon moved this court for the return of the computers on the grounds that hard drives in the computers contained personal information. This Court denied that motion and ordered the destruction of the data on the hard drives. (*See* Linke Decl. ¶ 3, Exs. B, C.) Virtumundo complied with that order and the hard drives have been destroyed. (Linke Decl. at ¶ 4.)

## III.   Argument

### A.   There is Nothing to Be Compelled.

Rule 37(a)(2)[1] permits a party propounding discovery to seek a court order compelling another party's response to an outstanding discovery request:

> If a deponent fails to answer a question propounded or submitted under rules 30 or 31, or a corporation or other entity fails to make a designation under rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under rule 33, or if a party, in response to a request for inspection submitted under rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, any party may move for an order compelling an answer or a designation, or an order compelling inspection in accordance with the request.

No discovery has been served in this matter. Therefore, none of the Defendants have failed to answer or respond to any discovery and there are no answers or responses to

---

[1] Gordon's Motion does not include any authority supporting his requested relief. Defendants assume that references to "documentary and tangible evidence" (Motion at 1), "producing" (id. at 2), and "the requirement to confer prior to moving the court to intervene" (id.) collectively indicate Gordon seeks relief under Rule 37.

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.'
PRODUCTION OF EMAIL ARCHIVES - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  which this Court could compel a response. Furthermore, even if there had been discovery
2  requests, Virtumundo complied with this court's order by destroying the hard drives at
3  issue.

### B. Defendants are Entitled to Recover their Fees and Costs Incurred in Opposing Gordon's Motion.

Upon denying Gordon's improper Motion, this Court should award Defendants their fees and costs incurred in opposing the Motion. Rule 37(a)(4) provides for an award of sanctions against a party for bringing an unsuccessful motion to compel:

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party [...] to pay to the party [...] who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If this Court denies Gordon's Motion for the reasons in Section III.A, supra, it should award Defendants their reasonable fees and costs. There is no substantial justification for the Motion—Gordon has not served any discovery on Defendants in this matter, and he was fully aware of this Court's order requiring the destruction of the hard drives. He knew, or should have known, both that his Motion must fail and that the data he seeks has been destroyed pursuant to court order.

### IV.  Conclusion

Gordon's Motion seeks the impossible: the data he requests has already been destroyed in compliance with court order. Additionally, his Motion is procedurally improper; there is no answer or response the Court could compel because Gordon has not served Defendants with any discovery requests in this case. Defendants respectfully request this Court deny Gordon's Motion and award them their reasonable fees and costs in opposing it.

Respectfully Submitted,

**NEWMAN & NEWMAN**
**ATTORNEYS AT LAW, LLP**

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.' PRODUCTION OF EMAIL ARCHIVES – 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1
2   By: /s/ Derek Newman
3       Derek A. Newman, WSBA No. 26967
        Derek Linke, WSBA No. 38314
4       505 Fifth Avenue, Suite 610
        Seattle, Washington 98104
5       Telephone:  206-274-2800
        Facsimile:  206-274-2801
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.' PRODUCTION OF EMAIL ARCHIVES - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

EXHIBIT D

**JAMES S. GORDON, JR.**
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

TO: Jan Kirkwood, Williams Kastner & Gibbs, PLLC
FROM: Jim Gordon
SUBJECT: **PRESERVATION OF EVIDENCE for Case # 08-2-50143-7**
DATE: February 13, 2008

Your client is required to preserve discoverable evidence related to the lawsuit entitled, Gordon et al versus Virtumundo filed in the Superior Court of Franklin County, Washington in February 7, 2008 [Case # 08-2-50143-7]. It is imperative that your client preserve all such documentary evidence, including discoverable electronic evidence.

The phrase "electronic evidence" refers to all non-privileged text files such as word processing documents, spreadsheets, electronic mail, all Internet history files and preferences, all graphical image files (*i.e.*, JPG., GIF., BMP. And TIFF. files), all databases, calendars and scheduling programs, all computer and network system activity reports and logs, all file fragments and backup tapes, and all data that exists on any of your client's computers. Electronic evidence may also include personally owned computers used by your client's employees.

A party's affirmative and proactive duty to safeguard documentary and tangible evidence, including electronic evidence, is well established. *See, e.g., LEXIS-NEXIS v. Beer*, 41 F.Supp.2d 950, 955 (9th Cir. 1999) (awarding monetary sanctions for destruction of electronic data); *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443 (C.D. Cal. 1985) (imposition of monetary sanctions and striking of defendant chain store's answer and complaint were appropriate sanctions for abuse of discovery and destruction of evidence, including, electronic data, resulting in prejudice to plaintiff manufacturer).

Your client should issue instructions to directors, officers, employees, attorneys, agents and anyone else acting on behalf of or within the control of your client to immediately suspend destruction of documents, things and electronic evidence while this matter is pending, or until such items have been conclusively determined not to contain discoverable evidence.

Electronic evidence is extremely volatile and subject to spoilation. Therefore, to prevent the spoilation of electronic evidence, and to avoid a motion for sanctions arising out of such conduct, we suggest that your client issue immediate written instructions to his employees that direct them to:
• Immediately refrain from the practice of "recycling" backup tapes and storage media.

• Immediately refrain from any activity that would alter or damage data on any computer systems, including deleting, defragmenting, or compressing data, or disposing of any electronic media, including, but not limited, to backup tapes, hard drives, diskettes and CD-ROMs. Immediately refrain from saving new data to media that already contains data (thus overwriting current data). This would necessitate the use of new media (probably diskettes and CD-ROMs or other removable media) to save any newly-created information.
• Immediately refrain from installing new software or files on any media that already contains data.

Please note that the above list is not exhaustive and there are other measures that must be immediately implemented to protect discoverable electronic evidence depending on your client's computer and network configuration. Your client should thus consult immediately with his systems analysts to determine what additional steps should be implemented to meet his obligation to preserve discoverable electronic evidence.

Finally, be advised that the retrieval of electronic evidence can be extremely time-consuming, difficult, and expensive. We understand this and are prepared to work with your client to minimize costs. However, without regard to your client's initial burden to bear the cost of producing documents responsive to discovery requests, be advised that we will expect that your client will bear all additional discovery costs precipitated by your client's failure to preserve discoverable evidence in the manner such evidence existed at the time the duty to preserve evidence arose.

If at any point during the course of this dispute you learn that your client failed to take measures to preserve relevant and discoverable documents, including electronic evidence, or if you believe potentially relevant documents and electronic evidence have been destroyed or made irretrievable, please notify us at once in writing so we can work together to resolve the issue.

This effort to preserve electronic data extends to property that you have seized in the form of computers via the Writ of Execution of November 14, 2007 in the matter of Gordon v. Virtumundo, Case # 07-2-50898-1 filed in the Superior Court of Franklin County, Washington.

Regards,   Computer references in first and last paragraphs


Jim Gordon