UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
OMNI INNOVATIONS, LLC, *et al.*, ) No. C06-1129JCC
)
                Plaintiff, )
v. ) ORDER
)
SMARTBARGAINS.COM LP, *et al.*, )
)
                Defendants. )
_____)

       This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Motion for Recusal of the Honorable John C. Coughenour" in the above-captioned matter. Dkt. # 35. Judge Coughenour declined to recuse himself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 38. Plaintiff's motion is therefore ripe for review by this Court.

       Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

In support of his motion for recusal, plaintiff cites statements made by Judge Coughenour in Gordon v. Virtumundo, C06-0204JCC, the fact that a former judicial extern works for defense counsel, a problem with service after plaintiff's counsel withdrew, and the loss of evidence when Virtumundo seized plaintiff's business computers. As a threshold matter, the Court must determine whether this motion for recusal is timely. Although the governing statutes contain no explicit requirement of timeliness, "[i]t is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] ... § 455 must be made in a timely fashion." Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir. 1989). Allowing litigants to delay raising allegations of bias would result in a waste of judicial time and resources (see In re International Business Machines Corp., 618 F.2d 923, 933 (2d Cir. 1980)) and a heightened risk that litigants would use recusal motions for strategic purposes (see Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913)).

Plaintiff filed this motion to recuse only after Judge Coughenour's adverse ruling

ORDER -2-

in another case, <u>Gordon v. Virtumundo</u>, C06-0204JCC, was affirmed on appeal. The risk that plaintiff is using an allegation of bias to avoid an adverse decision on the merits is therefore considerable: in effect, plaintiff is seeking to remove Judge Coughenour from this case because of his performance while presiding over this and related matters. Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, bias is almost never established simply because the judge issued an adverse ruling.

Judge Coughenour's decisions and observations in <u>Gordon v. Virtumundo</u>, C06-0204JCC, were based on the record before him, and plaintiff has not identified any legal or factual error that could give rise to an inference of bias. In fact, the Ninth Circuit Court of Appeals affirmed Judge Coughenour's decision in that matter. Nor do plaintiff's other arguments suggest that Judge Coughenour is unable to be impartial. Former law clerks are generally permitted to appear before the judge for whom they clerked after a year's absence: the judicial officers of this district know most of the federal practitioners in this district and regularly evaluate the legal merits of a case without regard to the identity of counsel. A rule barring former law clerks and externs, much less their entire law firms, from appearing in a particular court would be unreasonable and unjustified. Nor is there any indication that Judge Coughenour was responsible for or knew of the service problems plaintiff encountered after his attorney withdrew or that he directed or sanctioned Virtumundo's activities when seeking to recover its attorney's fees.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Coughenour's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Coughenour from this matter is DENIED.

DATED this 6th day of October, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court