**THE HONORABLE JOHN C. COUGHENOUR**




FILED ___ LODGED ___ RECEIVED ___ MAIL

DEC 18 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| JAMES S. GORDON, JR., a married individual, Plaintiff, | Case No.: CV 06-1129 JCC |
| vs. | **NOTE ON MOTION CALENDAR:** |
| SMARTBARGAINS.COM, LP, a Delaware Limited Partnership; Defendant | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | FEBRUARY 5, 2010 AT 6:30PM |
| | **ORAL ARGUMENT REQUESTED** |
| | **JURY TRIAL REQUESTED** |

TO: COURT

AND TO: COUNSEL FOR DEFENDANT

06-CV-01129-PRO

PLEASE TAKE NOTICE that PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT will be heard on Friday, February 5, 2010 at 6:30pm.

I declare under penalty of perjury under the laws of the United States that the foregoing information and the attached exhibits are true and correct based on plaintiff's knowledge and belief.

Dated this 16th day of December, 2009

James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

## CERTIFICATE OF SERVICE

I, hereby, certify that on December 16, 2009, I mailed this motion to the court and mailed a copy to the counsel of record for Defendant.

James S. Gordon, Jr.

THE HONORABLE JOHN C. COUGHENOUR

FILED
LODGED
RECEIVED

DEC 18 2009
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| JAMES S. GORDON, JR., a married individual, Plaintiff, | Case No.: CV 06-1129 JCC |
| vs. | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| SMARTBARGAINS.COM, LP, a Delaware Limited Partnership; Defendant | JURY TRIAL REQUESTED |

TO: COURT

AND TO: COUNSEL FOR DEFENDANT

Mtn4 part sj - 1

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff made multiple requests of defendant to stop sending him commercial email ads [hereinafter spam], after January 1, 2004.
2. Plaintiff filed a lawsuit against defendant alleging violations of state and federal anti-spam statutes.
3. Defendant continued to send spam to plaintiff after plaintiff filed his lawsuit against defendant.
4. Defendant claims that its commercial emails are compliant with federal Can-spam Act of 2003.
5. Defendant hires affiliates/agents to send spam on its behalf.
6. Defendant initiated and transmitted thousands of spam to plaintiff and/or his customers.
7. Plaintiff did not give defendant affirmative consent to commence the sending of commercial email to him.
8. Plaintiff's customers did not give defendant their affirmative consent to commence sending them commercial email.
9. Defendant "used" domains belonging to plaintiff and plaintiff's customers without their permission.
10. Defendant used false, misleading, or deceptive subject lines in its spam to plaintiff and his customers.

## ISSUES BEFORE THE COURT

1. Was defendant notified that plaintiff and/or his customers did not want to receive its commercial email?
2. Did defendant claim to be Can-spam compliant in communications with/to the public?

Mtn4 part sj - 2

3. Did defendant use plaintiff's or plaintiff's customers' domain names without their permission?

4. Did defendant use false, misleading, or deceptive subject lines in their commercial emails?

## Legal Standard

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. A court must regard the evidence in the most favorable light to the nonmoving party. *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir.2004). Once a summary judgment motion is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). There are no material facts in dispute, and this case is ripe for summary judgment as to the issues presented here.

## ARGUMENT

1. Defendant's spamming enterprise is held together by fraud, falsity, and/or deception. Defendant claims to the public that they are can-spam compliant, but they are not.

2. Defendant's emails have some of the elements of CSA [some of the time], e.g. notices of advertisement, or contact information, opt-out links, but these requirements are oftentimes missing from the emails.

3. Defendant does not honor or comply with [on a consistent basis] a) the notification proscriptions of the law b) the prohibition against using domain names without permission c) the inclusion of identifiers and opt-out links in all their spam d) the

prohibitions against false, deceptive, or misleading subject lines  e) prohibition against using forged header information  f) the prohibition against registering domains with false or fraudulent data.

4. Can-spam compliance is a benchmark that legitimate companies can claim to make them a more attractive advertising service.

5. Defendant feigns relationships with victims of their spam, trespass onto networks to illegally relay its unwanted electronic cargo on the general public, businesses, and government.

6. Defendant has used many distinct identities [domains] to circumvent the spam filters of the recipients of its spam.

7. Plaintiff's declaration examines other areas wherein defendant has used fraud, falsity, or deception to victimize the public and businesses.

8. Arbitron and Nielsen provide ratings services for radio and television ad rates, respectively. However, there really is no arbiter for the illegal spamming enterprises that are preying on everyone with a computer.

9. Courts have not [until now] been informed about how thoroughly corrupt these spamming organizations are as they masquerade as legitimate businesses. Defendant has hired the most corrupt spammers – including Virtumundo and Impulse Marketing Group.

10. For the purposes of this partial summary judgment motion, plaintiff is limiting the scope to the fraudulent, false, deceptive, or misleading subject lines in defendant's emails.

11. Defendant's affiliates/agents feign legitimacy as business entities when their sole role is to send illegal spam to as many people and organizations as the networks will sustain or allow [without regard to the recipients' needs or desires].

12. Defendant's affiliates/ agents sent spam that does not comply with federal and state laws as it ignores notification requirements, uses domain names without permission, and uses false and privacy protected domains.

13. Although, this partial summary judgment focuses on the false, misleading, or deceptive subject lines, defendant's email practices as a whole reflect an organization which attempts to hide behind a gauntlet of cyber "fly-by-night" entities along with a few well-financed criminal spam gangs.

## CEMA

1. Washington's Commercial Electronic Mail Act, RCW 19.190 et seq. (CEMA) is in some respects far more straightforward than the federal CAN SPAM Act. The specific provision that is relevant to show liability is RCW 19.190.020. It states:

> (1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:
>
> (a) <u>Uses a third party's internet domain name without permission of the third party</u>, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
>
> (b) <u>Contains false or misleading information in the subject line.</u>
>
> (2) For purposes of this section, a person knows that the intended recipient of a commercial electronic mail message is a Washington resident if that information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address. [emphasis added]

2. All that plaintiff needs to show is that a) the emails sent by defendant included plaintiff's or plaintiff's customers domain names and that b) the domain owner or "registrant" did not give defendant permission to use their respective domain names in its commercial

Mtn4 part sj - 5

email advertising c) the domain name "contact information" was available in a Whois look-up utility or program on the Internet.

3. Printing a copy of the email with the full header exposed will illustrate the insertion of plaintiff's domains into defendant's spam [satisfying the first requirement]. The declarations of plaintiff's customer who are / were users of the interactive computer service provided by plaintiff submitted in plaintiff's declaration establish the second requirement. [these two declarations accompany this motion as **EXHIBIT 1** and **EXHIBIT 2**]. For the third requirement, the Whois documents supplied with the declaration speak for themselves in terms of containing the domain ownership and contact information. All of the emails that form the basis of this motion were sent to plaintiff's server and/or to one of the email addresses and internet domain names registered and owned by the "affiants" in the attached declarations.

4. Further, all of these domain names and email addresses were operated on plaintiff's server. All that remains to establish liability under CEMA is that plaintiff must show the emails, in question, contain defendants' domains or used defendants' brands or contained defendants' contact information. The emails speak for themselves in terms of which emails contain plaintiff's domains, i.e. "gordonworks.com", omniinnovations.com, greatnorthwes-alpha.org, or rcw19190020.com.

## DAMAGES

1. CEMA provides for the following damages:

   **RCW 19.190.040 Violations — Damages.**
   (1) Damages to the recipient of a commercial electronic mail message or a commercial electronic text message sent in violation of this chapter are **five hundred dollars**, or actual damages, whichever is greater.

> (2) Damages to an interactive computer service resulting from a violation of this chapter are **one thousand dollars**, or actual damages, whichever is greater. [emphasis added]

2. Defendants have sent hundreds of emails with offending subject lines; there are thousands of emails which violate other parts of CEMA.

## CONCLUSION

1. Plaintiff has identified the facts attendant to the violation of the notification requirement of the Can-spam Act by defendants, the use of domains without permission, use of misleading or deceptive subject lines, and more.

2. Plaintiff's lawsuit against defendants served as a clear line in the sand in terms of notifying defendant that he did not want its spam. Rather than cease sending it, defendant assumed the posture that since plaintiff had no "standing", he was simply out-of-luck in terms of stopping the spam abuse.

3. Defendant is not only paying lip-service to Can-spam compliance, but it has also fraudulently claimed compliance with that federal statute – defrauding the public, business, and government.

4. Defendant violates CEMA by using domains without permission, falsifying headers, and using subject lines that indicate fraud, falsity, or deception.

## RELIEF SOUGHT

1. Damages of $1,000 for each offending email sent to plaintiff's Interactive Computer Service and damages of $500 for offending email sent to plaintiff, directly. [depending on which violation is being discussed, there are thousands of offending emails – each is approximately 2-4 pages long]

2. Such other and further relief that his court deems appropriate.

**RESERVED RIGHTS**

1. Many of defendant's emails contain multiple violations of state law. For example, there are emails which have bad subject line, forged headers, and/or false domains. Plaintiff reserves the right to introduce the other and additional violations of laws contained in these and other emails from defendant.

I declare under penalty of perjury under the laws of the United States that the foregoing information and the attached exhibits are true and correct based on plaintiff's knowledge and belief.

Dated this 16th day of December, 2009

James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

Mtn4 part sj - 8

## CERTIFICATE OF SERVICE

I, hereby, certify that on December 16, 2009, I mailed this motion to the court and mailed a copy to the counsel of record for Defendant.

_____
James S. Gordon, Jr.

Mtn4 part sj - 9