# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; JAMES S. GORDON, JR., a married individual,<br><br>Plaintiffs,<br><br>v.<br><br>SMARTBARGAINS.COM, LP, a Delaware Limited Partnership,<br><br>Defendant. | NO. 06-cv-01129-JCC<br><br>**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(c)**<br><br>NOTE ON MOTION CALENDAR: February 12, 2010 |

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 1

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I. INTRODUCTION

Defendant SmartBargains.com, LP requests judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), dismissing all of Plaintiff James S. Gordon, Jr.'s claims with prejudice. Gordon previously filed another lawsuit which alleged precisely the same claims as this one—Gordon et al. v. Virtumundo et al., U.S.D.C. W.D.Wash. Case No. 06-cv-00204-JCC. This case also involves claims under CAN-SPAM (15 U.S.C. § 7701, *et seq.*), the Washington Commercial Electronic Mail Act ("CEMA", RCW Ch. 19.190), and the Washington Consumer Protection Act ("CPA", RCW § 19.86.020). In Virtumundo, this Court granted summary judgment against Gordon. 2007 U.S. Dist. LEXIS 35544 (W.D.Wash. May 15, 2007) (Coughenour, J.) ("Virtumundo I"). The Ninth Circuit affirmed this Court's decision, "commend[ing] the district court's pioneering analysis in this uncharted territory". Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1048 (9th Cir. 2009) ("Virtumundo II"). The deadline for requesting certiorari from the United States Supreme Court has passed. Consequently, Virtumundo has been fully and finally resolved.

In Virtumundo, the parties engaged in extensive discovery, including a lengthy deposition which provided Gordon with abundant opportunities to provide any evidence proving he was an Internet access service or that his other claims had a legitimate basis. Now that Virtumundo has been resolved, SmartBargains requests this Court grant judgment on the pleadings pursuant to Rule 12(c).

## II. FACTS

**A. Gordon's Claims in Virtumundo Were Identical to His Claims in This Case.**

The First Amended Complaint in this case ("FAC", Dkt. No. 4) alleges SmartBargains "initiated the transmission" of emails to Gordon's computer, causing Gordon damage "as the provider[] of [an] Internet access service." (Id. at ¶ 18.) Similarly, the First Amended Complaint in Virtumundo ("Virtumundo FAC") alleged CAN-SPAM violations based on Gordon's claimed status as an Internet access service harmed by the receipt of emails the defendants had purportedly sent. (Virtumundo FAC at ¶¶ 3.4, 4.1.1-

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

4.1.10.[1])

In this case, the FAC claims SmartBargains "initiated, conspired . . . to initiate, or assisted the transmission of [emails]" which contained false or misleading header information and "misrepresent[ed] or obscure[d] information in identifying the point of origin or the transmission path thereof." (FAC at ¶¶ 13-16.) Gordon's CEMA claim in Virtumundo pleaded similar deficiencies. (Virtumundo FAC at ¶¶4.2.1-4.2.2.)

Gordon's CPA claim in this case is based on SmartBargains's alleged CAN-SPAM and CEMA violations (FAC at ¶ 20), as was his CPA claim in Virtumundo. (Virtumundo FAC at ¶¶ 4.2.4.-4.2.5.)

**B.  Gordon Had a Fair Opportunity to Litigate the Identical Issues in Virtumundo.**

When affirming this Court's summary judgment in its entirety, the Ninth Circuit determined there had been ample opportunity for Gordon to conduct discovery and to litigate the relevant issues:

> Based on a dense record developed through substantial discovery, the district court granted summary judgment in favor of Virtumundo, Adknowledge, and Lynn (collectively, "Virtumundo") on all of Gordon's claims.

Virtumundo II, 575 F.3d at 1045. Gordon's evidence included a 489-page deposition transcript. Virtumundo I, 2007 U.S. Dist. LEXIS 35544 at *42.

**C.  This Court Decided All Issues Against Gordon in Virtumundo, and the Ninth Circuit Affirmed This Court's Final Judgment.**

In Virtumundo, when analyzing Gordon's virtually identical claims, this Court held as follows:

**1.  Gordon Has No Standing to Allege CAN-SPAM Violations.**

In Virtumundo I, this Court held that Gordon is not an "Internet access service" that was "adversely affected" by alleged CAN-SPAM violations. Virtumundo I, 2007

---

[1] SmartBargains requests that the Court take judicial notice of the Virtumundo FAC. A copy of that complaint is attached as Exhibit A.

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

U.S. Dist. LEXIS 35544 at *29. The Ninth Circuit affirmed and further held that Gordon lacks standing under CAN-SPAM because he is not a *bona fide* Internet access service adversely affected by violations of the CAN-SPAM Act. Virtumundo II, 575 F.3d at 1057. ("[W]e conclude that Gordon does not fit any reasonable definition of 'Internet access service' provider.") The Ninth Circuit further determined that Gordon sought to receive commercial email for financial benefit and could not be said to be "adversely affected" by its receipt:

> [t]he burdens Gordon complains of are almost exclusively self-imposed and purposefully undertaken. Here, Gordon acknowledges that he benefits from the receipt of spam through his research and monetary settlements. The fact that Gordon derives substantial financial benefit but endures no real ISP-type harm from commercial e-mail, coupled with his unusual efforts to seek out and accumulate-- rather than avoid or block--spam, demonstrates that he has not been adversely affected by alleged violations of the federal act in any cognizable way.

575 3d at 1057.

**2. Gordon's CEMA Claims Are Preempted Because They Are Based on Immaterial Errors; Further, He Is a Professional Plaintiff Who Is Not Deceived by Email Headers.**

In Virtumundo I, this Court held that Gordon's alleged CEMA violations "are for immaterial errors that may not be litigated under state law" (Id. at *39). The Ninth Circuit affirmed, ruling as follows:

> The CAN-SPAM Act established a national standard, but left the individual states free to extend **traditional tort theories such as claims arising from fraud or deception** to commercial e-mail communication.

575 F.3d at 1063 (emphasis added). The Ninth Circuit held that Gordon's CEMA claims were preempted because they had "no basis in traditional tort theories". Id. at 1064. The Ninth Circuit also held Gordon "was not in any way misled or deceived" by the emails he claimed to have received. Id. at 1063. It emphasized Gordon is a professional plaintiff who "[s]ince at least 2004, has held no employment [and] his only income source has come from monetary settlements from his anti-spam litigation campaign." Id. at 1056.

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

### 3. Gordon's CPA Claims Fail Because They Are Based on His Preempted CEMA Claims.

In Virtumundo I, this Court held that "[b]ecause Plaintiffs' preempted CEMA claims are the basis for their CPA claims, the CPA claims too must fail" (Id. at *41). The Ninth Circuit affirmed. 575 F.3d at 1065.

### D. Gordon Admits to Being a Professional Plaintiff and Therefore Cannot be Misled by Email Headers.

In one of the myriad commercial email cases which have been Gordon's sole source of income for half a decade, Gordon v. SubscriberBASE, Inc., ("SubscriberBASE"), Gordon took pride in his aggressive litigiousness, displaying the title "professional plaintiff" like a prized achievement:

> PROFESSIONAL PLAINTIFF
>
> Gordon has filed lawsuits against illegal spammers since December 2003. He has been instrumental in networking with dozens of private anti-spam litigants throughout America. "Professional Plaintiff" should not be a pejorative term. The fact that a person is good at marshalling facts for use in litigation should not be held against that person.

SubscriberBASE, U.S.D.C. E.D.Wash, Case No. 08-cv-05037-RHW, Complaint (Dkt. No. 1-1).[2]

## III. ARGUMENT

### A. Standard for Granting Judgment on the Pleadings.

In FMC Techs., Inc. v. Edwards, 464 F. Supp. 2d 1063, 1066 (W.D.Wash. 2006) (Coughenour, J.) this Court set forth the standard for granting a Fed.R.Civ.P. 12(c) motion:

> A Federal Rule of Civil Procedure 12(c) "[j]udgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999)...

---

[2] SmartBargains requests that the Court take judicial notice of the complaint Gordon filed against SubscriberBASE. A copy of that complaint is attached as Exhibit B.

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 5

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> The Court's focus is not on which issues of fact remain for trial. Instead, its focus is on which legal theories may survive given the facts alleged. Accordingly, for the purposes of determining the instant motions, the evidentiary distinctions between Rule 56, Rule 12(b)(6), and Rule 12(c) are not as important as their common goal of determining whether one party must prevail as a matter of law. The Court now turns to that question.

FMC Techs., 464 F.Supp. at 1066. In this case, Gordon's FAC makes essentially the same claims he made in Virtumundo, which this Court summarily dismissed and the Ninth Circuit agreed had no legal support.

Because Gordon has litigated the same issues in Virtumundo and lost, he is precluded from re-arguing those issues in this case. Even assuming *arguendo* that all the allegations in the FAC are true, SmartBargains is entitled to judgment as a matter of law. "Collateral estoppel" or "offensive nonmutual issue preclusion" generally prevents a party from relitigating an issue that the party has litigated and lost. *See* Catholic Social Servs., Inc. v. I.N.S., 232 F.3d 1139, 1152 (9th Cir. 2000). The application of "offensive nonmutual issue preclusion" is appropriate if:

1. there was a full and fair opportunity to litigate the identical issue in the prior action, *see* Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1399 (9th Cir. 1992); Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1114 (9th Cir. 1999); Appling v. State Farm Mut. Auto Ins. Co., 340 F.3d 769, 775 (9th Cir. 2003);

2. the issue was actually litigated in the prior action, *see* Appling, 340 F.3d at 775;

3. the issue was decided in a final judgment, *see* Resolution Trust Corp., 186 F.3d at 1114; and

4. the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action, *see* id.

*See also* Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006); Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). Virtumundo has a dispositive effect on this lawsuit, and all four factors weigh heavily in favor of dismissing Gordon's claims in this case.

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**B.     As a Matter of Law, Gordon's Claims Fail Because They Present the Same Issues He Lost in <u>Virtumundo</u>.**

Application of the four prongs of the collateral estoppel test indicates Gordon is precluded from litigating his identical issues in this case:

### 1.     Gordon Had a Full and Fair Opportunity to Litigate the Identical Issues.

This Court has determined that the litigation in a prior lawsuit of an issue critical to the current lawsuit indicates the first prong of the collateral estoppel test has been met:

> While the two *cases* are surely different, the question of whether Defendant was legally married to Ms. Devereaux under Washington law was a crucial issue for his estate claim, and it is a critical issue as to the viability of Plaintiff's claims in this forum . . . . Because Defendant's marital status was crucial to his claim on Ms. Devereaux's estate, he cannot argue that [he] did not have a "full and fair opportunity to litigate" the question. Every incentive and opportunity to persuade the state court was present at that time, and therefore Defendant is collaterally stopped from challenging whether he and Ms. Devereaux were married as that term is defined under Washington law.

<u>Northwest Adm'rs, Inc. v. Cutter</u>, 2008 U.S.Dist. LEXIS 512, *8-9 (W.D.Wash. Jan. 24, 2008) (Coughenour, J.).

Similarly, Gordon had a full and fair opportunity to litigate issues in <u>Virtumundo</u> which are identical to those presented in this lawsuit. Gordon had an opportunity to make a record in <u>Virtumundo</u> and to advance any facts or testimony that supported his claim to be an Internet access service. He took full advantage of that opportunity. *See* <u>Virtumundo II</u>, 575 F.3d at 1045 ("Based on a dense record developed through substantial discovery, the district court granted summary judgment in favor of [Virtumundo] on all of Gordon's claims"). However, despite the extensive record and a fair opportunity to make his arguments, Gordon failed to convince either this Court or the Ninth Circuit that he is an Internet access service with standing to bring a private action under CAN-SPAM. Gordon also had an opportunity to convince this Court and the Ninth Circuit that his virtually identical CEMA and CPA claims were <u>not</u> preempted, but both courts ruled against him.

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 7

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**2. The Issues In This Case Were Litigated in <u>Virtumundo</u>.**

The issues of (i) whether Gordon lacks standing as an Internet access service that is adversely affected; and (ii) whether Gordon's state law theories were preempted by CAN-SPAM, were actually litigated in the <u>Virtumundo</u> case, as discussed in section III.B.3 below. Therefore, the second prong of the collateral estoppel test is met.

**3. All Issues Were Decided Against Gordon in a Final Judgment.**

In <u>Virtumundo I</u>, this Court decided the issues in a final judgment which the Ninth Circuit affirmed in <u>Virtumundo II</u>. For a ruling to be final, it must "end the litigation on the merits," <u>Catlin v. United States</u>, 324 U.S. 229, 233, 89 L.Ed.2d 911, 65 S.Ct. 631 (1945) (citation omitted), and the judge must "clearly declare his intention in this respect," <u>United States v. F. & M. Schaefer Brewing Co.</u>, 356 U.S. 227, 232, 2 L.Ed. 721, 78 S.Ct. 674 (1958).

There can be no question about the finality of the ruling in <u>Virtumundo</u>. This Court granted the defendants' motion for summary judgment, dismissing all of Gordon's causes of action. <u>Virtumundo I</u>, 2007 U.S. Dist. LEXIS 35544 at *47. This Court also struck the trial date and named the defendants as the prevailing parties. <u>Id</u>. at *48. The Ninth Circuit affirmed this Court's judgment, and the deadline for petitioning for certiorari to the U.S. Supreme Court has passed. Supreme Court Rule 13(1) provides that such a petition is timely when it is filed "within 90 days after entry of the judgment". The Ninth Circuit's opinion in <u>Virtumundo II</u> was issued on August 6, 2009; accordingly, the deadline for a certiorari petition was November 4, 2009.

Both this Court in <u>Virtumundo I</u> and the Ninth Circuit in <u>Virtumundo II</u> decided all issues against Gordon, as follows:

**a. This Court Held, and the Ninth Circuit Affirmed, That Gordon Does Not Have Standing as an Internet Access Service.**

On May 15, 2007, this Court granted the <u>Virtumundo</u> defendants' motion for summary judgment. The Court determined Gordon had no standing to sue under CAN-SPAM because he was not an "Internet access service" that was "adversely affected" by

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Gordon's alleged CAN-SPAM violations. (Virtumundo I, 2007 U.S. Dist. LEXIS 35544 at *16, *25.) The Court explained its holding as follows:

> Plaintiffs . . . admit to *benefitting* from spam by way of their research endeavors and prolific litigation and settlements. This belies any suggestion that Plaintiffs are "bona fide Internet service providers" that have been "adversely affected" by spam. Instead, Plaintiffs' continued use of other people's e-mail addresses to collect spam and their undisputed ability to separate spam from other e-mails for generating lawsuit-fueled revenue directly contradicts any hint of adverse effect that otherwise might exist. Plaintiffs are not the type of entity that Congress intended to possess the limited private right of action it conferred on adversely affected bona fide Internet access service providers.

Id. at *29 (emphasis original).

The Ninth Circuit affirmed this Court's summary judgment in Virtumundo II:

> [A] threshold issue is whether the plaintiff satisfies the statutory standing requirements . . . the district court concluded that Plaintiffs had not demonstrated adequate harm . . . and therefore lacked standing with respect to these federal claims . . . . We agree that Gordon lacks standing to bring a private action under the CAN-SPAM Act.

Virtumundo II, 575 F.3d at 1048. The Ninth Circuit further provided: "[W]e conclude that Gordon does not fit any reasonable definition of 'Internet access service' provider" and "We hold that Gordon is not an 'Internet access service' provider within the meaning of the CAN-SPAM Act." (Id. at 1052.) Since Gordon has no standing to bring a CAN-SPAM claim in any lawsuit, this Court should dismiss his CAN-SPAM claim.

      **b.**      **This Court Held, and the Ninth Circuit Affirmed, That Gordon's CEMA Claim Involves "Immaterial Errors" and Is Therefore Preempted.**

In Virtumundo I, this Court also dismissed Gordon's CEMA claims. These claims related to "from lines" in the "headers" of emails, which Gordon claimed were misleading "because the 'from name' alone does not identify [the Gordon defendants]." 2007 U.S. Dist. LEXIS 35544 at *35. They also concerned "subject lines" which were allegedly false and misleading. Id. at *34.

Gordon's CEMA claims in Virtumundo were based on allegations nearly identical to the ones he makes in this case. The FAC claims SmartBargains "initiated, conspired…

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 9

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

to initiate, or assisted the transmission of [emails]" which contained false or misleading header information and "misrepresent[ed] or obscure[d] information in identifying the point of origin or the transmission path thereof." (FAC at ¶¶ 13-16.) Gordon's CEMA claim in <u>Virtumundo</u> pleaded similar deficiencies. <u>Virtumundo</u> FAC at ¶¶4.2.1-4.2.2.

This Court determined in <u>Virtumundo I</u> that CAN-SPAM pre-empted CEMA claims which did not specifically address "falsity or deception" in emails. <u>Id</u>. at *31, *37. The Court further concluded as follows:

> [T]he Court cannot find that "from addresses" ending with a domain that facilitates an accurate identification of Defendants could in any sense be found "false" or "deceptive." Accordingly, while claims actually alleging falsity or deception under CEMA would not be preempted, **Plaintiffs' claims here – for, at best, "incomplete" or less than comprehensive information – are for immaterial errors that may not be litigated under state law.** Plaintiffs have not raised any issues of material fact that could prove Defendants' e-mails materially "false or deceptive" as those terms are used in the CAN-SPAM Act. Accordingly, Plaintiffs' CEMA claims are preempted by CAN-SPAM.

<u>Id</u>. at *39 (emphasis added).

The Ninth Circuit affirmed this Court's dismissal of Gordon's CEMA and CPA claims:

> The CAN-SPAM Act established a national standard, but left the individual states free to extend traditional tort theories such as claims arising from fraud or deception to commercial e-mail communication. <u>Virtumundo II</u>, 575 F.3d at 1063.
>
> As stated by our district court, Gordon's claim is "for, at best, 'incomplete' or less than comprehensive information" regarding the sender. Such technical allegations regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception languages in the CAN-SPAM Act's express preemption clause. <u>Id</u>. at 1064 (citations omitted).
>
> In sum, Gordon's alleged header deficiencies relate to, at most, non-deceptive statements or omissions and a heightened content or labeling requirement. Regardless of the merits of his arguments, assuming they are actionable under CEMA, **such state law claims falter under the weight of federal preemption. Summary judgment was properly entered on Gordon's CEMA claims.** <u>Id</u>.; emphasis added.

In light of the <u>Virtumundo</u> decisions, alleged email header deficiencies must be material. But Gordon's FAC in this case bases his CEMA claim on the same kinds of

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 10

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

immaterial deficiencies the Virtumundo courts held inadequate to survive preemption. Further, a self-identified "professional plaintiff" like Gordon must base his CEMA claim on the premise that he is misled by header information in the commercial emails he deliberately harvests. This is a tall order, and Gordon's FAC in this case does not even attempt to fill it.

The FAC does not allege that Gordon was ever misled by any emails he allegedly received from SmartBargains. Gordon does not allege that he read, opened, was misled by any subject line or header information in, or was in any way affected by any email sent by SmartBargains. He only claims that he was damaged by the receipt of commercial email in general (FAC at ¶ 20), which under the Virtumundo decisions is plainly insufficient.

In Virtumundo II, the Ninth Circuit held Gordon "was not in any way misled or deceived." 575 F.3d at 1063. It noted that Gordon makes his living from hunting for commercial email violations. Id. at 1056. However, the Virtumundo decisions require Gordon to base his CEMA claim on common law tort theories arising from fraud or deception. Gordon's FAC fails to allege most of the nine elements required to demonstrate common law fraud[3] in Washington:

(1) representation of an existing fact;
(2) materiality;
(3) falsity;
(4) the speaker's knowledge of its falsity;
(5) intent of the speaker that it should be acted upon by the plaintiff;
(6) plaintiff's ignorance of its falsity;
(7) plaintiff's reliance on the truth of the representation;
(8) plaintiff's right to rely upon it; and
(9) damages suffered by the plaintiff.

Stiley v. Block, 130 Wash.2d 486, 505 (1996). Gordon does not—and given his status as

---

[3] Washington also recognizes the tort of deceit which is "an action of tort, based on fraud". Kritzer v. Moffat, 136 Wash. 410, 417 (1925). Washington courts treat deceit and fraud similarly. *See, e.g.,* Pike v. Parallel Film Distribs., 74 Wash.2d 218, 224 (1968); Barker v. Scandinavian-American Bank, 97 Wash. 272, 276 (1917) (the torts of fraud and deceit have the same elements).

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 11

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

a professional plaintiff cannot—demonstrate that his CEMA claims arise from the common law tort of fraud. They are based on immaterial errors which are preempted under Virtumundo, and Gordon cannot reasonably claim to have been misled by email headers anyway, given his long history of seeking to profit from them. Consequently, his CEMA claims cannot survive preemption.

   **c.**  **This Court Held, and the Ninth Circuit Affirmed, That Gordon's CPA Claim Fails Because It Is Based on His Flawed CEMA Claim and Does Not Allege Material Deception.**

In Virtumundo, this Court dismissed Gordon's CPA claim, which was based on his pre-empted CEMA claim. 2007 U.S. Dist. LEXIS 35544 at *41. The Ninth Circuit affirmed:

> Because his CEMA claims fail as a matter of law, his CPA claims, to the extent grounded in CEMA violations, are likewise inadequate and were properly dismissed. Virtumundo II, 575 F.3d at 1065.

> To the extent that Gordon also brings independent CPA claims, they too fail. Gordon has failed to identify an act or practice that "misleads or misrepresents something of material importance." Id. (cite omitted, emphasis original).

Gordon's claims in Virtumundo and this case are identical. This Court dismissed the same claims in Virtumundo, and the Ninth Circuit affirmed the dismissal. Consequently, the third prong of the issue preclusion test has been met.

  **4.**  **Virtumundo and This Lawsuit Have the Same Plaintiff.**

Both this case and Virtumundo involve the same plaintiff, Gordon. Accordingly, the fourth prong of issue preclusion has been satisfied, and this Court should dismiss all of Gordon's claims as a matter of law, pursuant to Rule 12(c).

## IV.  CONCLUSION

Gordon filed identical claims in Virtumundo, which this Court summarily dismissed. The Ninth Circuit affirmed. The deadline for petitioning for Supreme Court review in that case has passed. Accordingly, all issues have been decided against Gordon in a final judgment, after an extensive opportunity to litigate them. Gordon's FAC does

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 12

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

not allege the elements of fraud which are necessary to support a CEMA or CPA claim after the <u>Virtumundo</u> decisions. Even if Gordon did allege the necessary elements, he has admitted on the record to being a professional plaintiff, and cannot credibly claim to have been misled by the immaterial errors described in his complaint. Accordingly, SmartBargains respectfully requests this Court grant judgment on the pleadings and dismiss Gordon's claims with prejudice.

DATED this 18th day of January, 2010.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, No. 26967
Derek Linke, WSBA No. 38314

Attorneys for Defendant
SmartBargains.com, LP

DEF.'S MOT. FOR J. ON PLEADINGS
[CASE NO. 06-CV-01129-JCC] - 13

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800