THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; JAMES S. GORDON, JR., a married individual,<br><br>Plaintiffs,<br><br>v.<br><br>SMARTBARGAINS.COM, LP, a Delaware Limited Partnership,<br><br>Defendants. | Case No. C06-1129-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 45), Defendant's Opposition and Cross-Motion (Dkt. No. 51), and Plaintiff's Reply (Dkt. No. 54). This matter also comes before the Court on Defendant's Motion for Judgment on the Pleadings (Dkt. No. 49), to which there has been no timely reply. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and rules as follows.

**I.  BACKGROUND**

Plaintiff James Gordon describes himself as a "professional plaintiff" who "[notifies] spammers that they're violating the law," and then files lawsuits if the spammers do not stop sending unwanted e-mail to his business. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 (9th Cir. 2009). Plaintiff has filed several such lawsuits in the Western District of Washington.

ORDER
PAGE - 1

All of Plaintiff's cases have proceeded under federal-question jurisdiction, alleging claims under the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"), *codified at* 15 U.S.C. § 7701 *et seq*. The Act prohibits persons from, among other things, sending unsolicited emails with deceptive subject headings, or sending such emails without a mechanism for the recipient to opt out of future mass emailings. Id. § 7704(a). As part of its enforcement scheme, the Act creates a limited private right of action: "a provider of internet access service adversely affected by a violation of [certain statutory clauses], or by a pattern or practice that violates [certain other clauses], may bring an action in any district court of the United States . . . (A) to enjoin further violation by the defendant, or (B) to recover [actual or statutory damages]." *Id.* § 7706(g)(1).

Plaintiff's lawsuits started shortly after Congress enacted the CAN-SPAM Act in 2003. Plaintiff is the registrant of the domain name *gordonwork.com*, which he used to host his email address *jim@gordonwork.com*. In September 2003, Plaintiff induced his friends to use the same domain name to create their own email accounts, which Plaintiff then used to subscribe to mass emailings from more than one hundred different senders. *See Virtumundo*, 575 F.3d at 1045–46. Predictably, the accounts received thousands of messages. At some point later on, Plaintiff created an automated response that was sent to all commercial email received by *gordonwork.com* accounts. The response purported to create a binding contract between Plaintiff and its recipient, whereby the recipient agreed to stop sending mass emailings or pay Plaintiff five hundred dollars for each unwanted message. *Id.* at 1046. As the Ninth Circuit summarized, "[Plaintiff] devotes his resources to . . . accumulating spam through a variety of means for the purpose of facilitating litigation." *Id.* at 1052.

In *Gordon v. Virtumundo*, one of Plaintiff's many lawsuits, this Court determined that Plaintiff did not have standing to pursue a private right of action under the federal CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, and that his state-law claims were preempted by that Act, and accordingly granted summary judgment to the defendants. *Gordon v. Virtumundo*, No. C06-

ORDER
PAGE - 2

0204-JCC, 2007 WL 1459395 (W.D. Wash. May 15, 2007). Plaintiff appealed that Order to the Ninth Circuit, which affirmed on August 6, 2009. *Virtumundo*, 575 F.3d at 1066.

Specifically, the Ninth Circuit found that Plaintiff is not a "provider of Internet access service," the class of entities upon which the CAN-SPAM Act grants standing. *See* 28 U.S.C § 7702(11) (defining 'Internet access service'); *Virtumundo*, 575 F.3d at 1052 (Gordon is not an "Internet access service provider" because he has no physical control over nor access to the hardware that provides his domain name, and is not a *bona fide* e-mail provider). The Ninth Circuit also found that he was not "adversely affected by" spam, because, if anything, he had only experienced "routine business concerns and operating costs" as a result of spam, which were not sufficient to "unlock the treasure trove" of the CAN-SPAM Act's statutory damages. *Id.* at 1054. Gordon, a plaintiff who "seeks out spam for the very purpose of filing lawsuits," is "not the type of private plaintiff that Congress had in mind when it fashioned § 7706(g)(1)'s standing provision." *Id.* at 1055. He had no standing.

The Ninth Circuit also affirmed the dismissal of Gordon's state-law claims. The appellate court found that the CAN-SPAM Act's express preemption clause, 15 U.S.C. § 7701(b), preempted Plaintiff's state-law claim under Washington's Commercial Electronic Mail Act (CEMA), because Plaintiff's allegations did not rise to the level of "falsity or deception" within the meaning of the preemption clause's exception. *See* WASH. REV. CODE § 19.190.010; *Virtumundo*, 575 F.3d at 1063–64. "Gordon offers no proof that any headers have been altered to impair a recipient's ability to identify, locate, or respond to the person who initiated the e-mail. Nor does he present evidence that Virtumundo's practice is aimed at misleading recipients as to the identity of the sender." *Id.* at 1064. It also held that Plaintiff's Consumer Protection (CPA) claims failed, because they were derivative of the CEMA claims and, to the extent that they were independent, failed to establish that the allegedly false portion of the spam he received "misleads or misrepresents something of *material* importance," because Plaintiff had alleged no actual harm. *Id.* at 1065; WASH. REV. CODE § 19.190.030.

ORDER
PAGE - 3

1   The instant matter, *Gordon v. Smartbargains*, is one of Plaintiff's remaining lawsuits. It
2   was stayed pending the outcome of *Virtumundo* before the Ninth Circuit. (Dkt. No. 26.) After
3   *Virtumundo* was fully resolved on the merits, the Court lifted the stay. (Dkt. No 44.) Shortly
4   thereafter, Plaintiff and Defendant filed the dispositive motions that concern the Court here.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532–33 (9th Cir. 1999). Plaintiff failed to respond to this motion, which the Court considers to be an admission that the motion has merit. Local Rules W.D. Wash. CR 7(b)(2).

This case presents materially similar facts to the facts in *Gordon v. Virtumundo*. Plaintiff's claims sound in the CAN-SPAM Act, the State CEMA, and the State CPA, just as they did in *Virtumundo*. (Am. Compl. 4–5 (Dkt. No. 4).) Plaintiff's Second Amended Complaint alleges that he acted as a provider of internet service for multiple users just as he did in *Virtumundo* (*Id.* at 2), and that the accounts he maintained were the recipients of unwanted email messages from Defendant, just as they were in *Virtumundo*. (*Id.* at 3.) Nowhere in Plaintiffs Complaint are any facts that would confer standing upon him, in light of *Virtumundo*—he does not, for example, allege that he has physical control over the hardware that provides his domain name, nor does he allege that he experienced harms outside the ambit of "routine business concerns and operating costs." *See Virtumundo*, 575 F.3d at 1052–54.

Nor do Plaintiff's state-law claims survive. Even considering Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 45), which attempts to move for summary judgment on his state-law claims, Plaintiff alleges no new facts that would cure the deficiencies that the Court found in *Virtumundo*. He rests his motion on the fact that Defendants used his domain name without his permission into the header of the email. (*Id.* at 7–8.) This is insufficient; he *still* offers "no proof that any headers have been altered to impair a recipient's ability to

identify, locate, or respond to the person who initiated the e-mail. Nor does he present evidence that [Smartbargains'] practice is aimed at misleading recipients as to the identity of the sender." *Virtumundo*, 575 F.3d at 1064. This is not falsity or deception within the meaning of CAN-SPAM; therefore, his CEMA claims remain preempted. Nor does Plaintiff allege any actual harm that would confer him standing under the CPA. *See id.* at 1065.

Because the Ninth Circuit upheld this Court's decision to dismiss Plaintiff's case with prejudice in *Virtumundo*, and because this case presents materially similar facts to *Virtumundo* and Plaintiff makes no attempt to distinguish the two, this Court's decision is an easy one. Plaintiff has no standing to pursue this matter under the federal CAN-SPAM Act, and his state-law claims are preempted and deficient. Plaintiff's case is hereby dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 54) is GRANTED. Plaintiff's Motion for Summary Judgment (Dkt. No. 45) is DENIED. All of Plaintiff's claims are DISMISSED with prejudice. The Clerk is DIRECTED to CLOSE the case.

DATED this 2d day of March, 2010.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE